trial. We think the defendant ought not now to be heard to suggest that the statement so furnished did not contain the information necessary upon which to base a claim for damages, provided the other necessary facts existed.

It seems to me that the judgment appealed from should be affirmed, with costs.

(121 App. Div. 268)

### ELLINGSEN v. LINDSTRAND.

(Supreme Court, Appellate Division, Second Department. July 23, 1907.)

ANIMALS—PERSONAL INJURIES BY DOGS—ACTIONS—QUESTION FOR JURY.

In an action for being bitten by a dog, where there was evidence from which the jury could have found that the dog was ferocious, that he had been kept by the defendant for several years with knowledge of the vicious disposition, and that plaintiff was without fault, it was error to dismiss the case.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Animals, § 268.]

Appeal from Municipal Court of New York.

Action by Edward Ellingsen, by his guardian ad litem, against Carl G. F. Lindstrand, to recover damages sustained by plaintiff by being bitten by a dog owned by defendant. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

William Adams Robinson, for appellant.
Dean Potter, for respondent.

RICH, J. The only question to be considered is whether the plaintiff made out a case entitling him to go to the jury. While the evidence might not be regarded as entirely satisfactory, yet there was sufficient, if the jury believed it, upon which to base a finding that this was a ferocious dog, kept by defendant for several years, with knowledge of his vicious disposition, and that the attack on plaintiff was not invited; that he was not at fault. Plaintiff entered the stable where the dog was confined, at the request of defendant's stableman in charge to hold a lantern, and was immediately attacked by the dog and severely bitten.

We think the plaintiff made out a case entitling him to go to the jury upon all the questions involved, and the judgment must therefore be reversed, and a new trial ordered, costs to abide the event. All concur.

GAYNOR, J. (concurring). Why the justice dismissed this case at the close of the plaintiff's evidence does not appear. The jury could have found that the defendant's stableman invited the plaintiff into the defendant's stable to hold a lantern, and that as soon as he went in the defendant's dog rushed at him and bit him. There was ample evidence that the dog had previously bitten other people, and that the defendant knew it. The justice was about to dismiss the case on the ground as he stated that there was no evidence that the stableman

"had control of this dog." The evidence all showed that the dog had been kept there for a long time; and in whose charge would he be presumed to be except in that of the man in charge of the building? But how did that matter? He was kept there by the defendant, whoever had charge of him. The plaintiff then called the stableman and showed that he was in charge, frustrated all the while however by objections and rulings that should have no place in the trial of a cause; but the justice still persisted in dismissing the case.

The judgment should be reversed.

